[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant Department of Public Utility Control (DPUC) moves to dismiss this administrative appeal on three grounds. This court finds the issues for the plaintiff Connecticut Light and Power Company.
I. AGGRIEVEMENT
The defendant contends that the plaintiff is not aggrieved by the DPUC's decision because that decision was essentially predetermined by the Supreme Court's ruling in Connecticut Light Power Co. v. Dept. of Public Utility Control et al,210 Conn. 349 (1989). Therefore, the DPUC claims, it is the Supreme Court's decision rather than any decision of the DPUC that is the basis of CLP's aggrievement. The Supreme Court's decision, however, merely remanded the case with instructions to the DPUC "for a recalculation of the rates to be paid by CLP. . . ." Id. 358. The defendant has made a recalculation and promulgated it in the form of its Supplemental Decision. In its petition for appeal, CLP claims that the DPUC misinterpreted the applicable statute in making the recalculation. It is not the Supreme Court's decision to remand or its instruction to recalculate the rate, therefore, that is the basis of CLP's appeal; rather, the method of recalculation and the rates thereby obtained are the bases of the appeal.
In addition to its claims concerning the mandated recalculation, CLP is pursuing various constitutional issues that the Supreme Court expressly declined to address prior CT Page 482 to remanding the case for further action at the administrative level. There is nothing in the Supreme Court's decision, however, that permanently forecloses raising those issues again once the purpose of the remand has been fulfilled. The plaintiff CLP sets forth claims adequate to establish aggrievement. The defendant's contention in this regard cannot be sustained.
II. COLLATERAL ATTACK
The defendant argues that CLP's appeal is essentially a prohibited collateral attack on the Supreme Court's decision. This is in reference to the constitutional issues which were first raised in the earlier appeal but not decided by the Supreme Court. The basis of the Supreme Court's decision to sidestep those issues, however, was its determination that the DPUC had misapplied C.G.S. 16-243. The court did not, therefore, reach the constitutional issues raised. Id. 356. The present appeal sends up those issues again, and if the reviewing court this time concludes that the DPUC correctly applied the statute, it may decide that the constitutional issues should be addressed.
III. CONTESTED CASE
The DPUC claims that the appeal was not from an agency decision in a "contested case" as required by C.G.S. 4-183. This argument, like its other arguments, ignores the substance of the Supreme Court's decision. That decision, which concerned the appeal of an admittedly contested case, simply remanded the case for further proceedings. It did not transform a contested case into something else. The DPUC's contention in this regard is without merit.
For all of the above reasons the defendant's motion to dismiss is denied
MALONEY, J.